M. Anderson Berry (SBN 262879)
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916)777-7777
Facsimile: (916) 924-1829
aberry@justice4you.com

Jeffrey S. Goldenberg (*pro hac vice*)
**GOLDENBERG SCHNEIDER, LPA**
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
Telephone: (513) 345-8297
Facsimile: (513) 345-8294
jgoldenberg@gs-legal.com

*Attorneys for Plaintiffs*

[additional counsel listed on following page]

FILED
CLERK, U.S. DISTRICT COURT
NOV 21 2022
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

Link #74

# THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN HASHEMI, STEVE ALTES, SANDRA JOHNSON-FOSTER, GREGORY BOUTE, RAFAEL ARTIME, and JOHN BOWDEN as individuals and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BOSLEY, INC.,<br><br>Defendant. | Case No.: 2:21-cv-00946-PSG(RAOx)<br><br>[proposed] **Final Approval Order and Judgment** |

FINAL APPROVAL ORDER AND JUDGMENT

David K. Lietz (pro hac vice)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW
Suite 440
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
Email: dlietz@milberg.com

Charles E. Schaffer (*pro hac vice*)
Email: cschaffer@lfsblaw.com
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500

Ex Kano S. Sams II (SBN 192936)
Email: esams@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: 310-201-9150

Gary E. Mason
Danielle L. Perry
**MASON LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Tel: 202-429-2290
Fax: 202-429-2294
Email: gmason@masonllp.com
Email: dperry@masonllp.com

On February 22, 2022, the Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the January 6, 2022 Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Ken Hashemi, Steve Altes, Sandra Johnson-Foster, Gregory Boute, Rafael Artime, and John Bowden, individually and on behalf of the Settlement Class (as defined below), and Defendant Bosley, Inc.[1]

Commencing on April 8, 2022, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, CPT Group, Inc. ("CPT") (the "Claims Administrator"), provided Notice to Settlement Class Members in compliance with the Settlement Agreement and the Notice Program, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

> (a) fully and accurately informed Settlement Class Members about the Litigation and the existence and terms of the Settlement Agreement;
>
> (b) advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;
>
> (c) provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and
>
> (d) provided the time, date, and place of the Final Approval Hearing.

On November 18, 2022, the Court held a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable, and adequate and

---

[1] Capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement unless otherwise expressly stated.

judgment should be entered dismissing this Litigation with prejudice. The Court reviewed (a) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for an Award off Attorneys' Fees, Reimbursement of Expenses and Service Awards (together, the "Motions") and all supporting materials, including but not limited to the Settlement Agreement and the exhibits thereto; (b) any objections filed with or presented to the Court; and (c) the Parties' responses to any objections. The Court also considered the oral argument of counsel and any objectors who appeared. Based on this review and the findings below, the Court finds good cause to grant the Motions.

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this Litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Litigation, and with the active involvement of the Parties. Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and/or uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

3. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of funds to Settlement Class Members, Class Counsel and the Claims Administrator. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

4. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim forms, pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

**OBJECTIONS AND REQUESTS FOR EXCLUSION**

5. Two objections to the Settlement were submitted by Settlement Class Members. These two objections were filed by Jude Milson and Peter Henderson through their counsel, The Wilshire Law Firm, PLC, which have been withdrawn. Doc. No. 72. The Court has considered all objections and finds that they do not warrant or support rejection or non-approval of the Settlement. All objections are hereby overruled in all respects. All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6. Three persons made valid and timely requests to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members"). The Opt-Out Members are not bound by the Settlement Agreement and this Final Approval Order and Judgment and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Settlement Agreement.

**CERTIFICATION OF THE SETTLEMENT CLASS**

7. Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All persons residing in the United States whose PII was potentially compromised in the Data Incident first announced by Bosley on or about

January 26, 2021, including but not limited to the California Settlement Subclass.

8. Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following California Settlement Subclass:

> All persons whose PII was potentially compromised in the Data Incident first announced by Bosley on or about January 26, 2021, and who were residing in the State of California at the time their PII was potentially compromised in the Data Incident.

9. The Court incorporates its preliminary conclusions in the Preliminary Approval Order regarding the satisfaction of <u>Federal Rules of Civil Procedure 23(a)</u> and 23(b). Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

10. The Court grants final approval to the appointment of Representative Plaintiffs Ken Hashemi, Steve Altes, Sandra Johnson-Foster, Gregory Boute, Rafael Artime, and John Bowden as the class representatives and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

11. The Court grants final approval to the appointment as Class Counsel to M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corporation, Jeffrey S. Goldenberg of Goldenberg Schneider, LPA, David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC, and Charles E. Schaffer of Levin Sedran & Berman, LLP. Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

### NOTICE TO THE CLASS

12. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding

the existence and nature of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

### ATTORNEYS' FEES AND COSTS, SERVICE AWARDS

13.  The Court awards Class Counsel a total of $262,500 in combined attorneys' fees and reimbursement for costs. The Court finds this combined amount to be fair and reasonable. Payment shall be made pursuant to the procedures in paragraph 7.4 of the Settlement Agreement.

14.  The Court awards $1,250 to each Representative Plaintiff as service awards. The Court finds these amounts are justified by their service to the Settlement Class. Payment shall be made pursuant to the procedures in paragraph 7.4 of the Settlement Agreement.

15.  The Court awards The Wilshire Firm, counsel for the former objectors Jude Milson and Peter Henderson, $15,000 as payment for its time and expenses. This $15,000 shall be paid from the $262,500 amount discussed above in paragraph 13 and is made consistent with and pursuant to Rule 23(e)(5)(B).

### RELEASE

16.  Each Settlement Class Member, including Representative Plaintiffs, are: (1) deemed to have completely and unconditionally released, forever discharged and acquitted Defendant and the other Released Persons from all the Released Claims (including Unknown Claims) as defined in the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Paragraphs 1.24-1.25 and 6.1-6.2 of the Settlement Agreement and are specifically approved and incorporated herein by this reference

(the "Release"). In addition, Representative Plaintiffs and Settlement Class Members are deemed to have waived (i) the provisions of <u>California Civil Code § 1542</u>, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party, and (ii) any law of any state or territory of the United States that is similar, comparable, or equivalent to <u>California Civil Code § 1542</u>.

17. The Settlement Agreement and this Final Approval Order and Judgment apply to all claims or causes of action settled under the Settlement Agreement and binds Representative Plaintiffs and all Settlement Class Members who did not properly request exclusion. The Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Litigation and/or the Complaint.

## **OTHER PROVISIONS**

18. Defendant shall pay all costs of the settlement, including all awards and payments to Settlement Class Members, costs of Claims Administration, the Attorneys' Fees and Expenses Award to Class Counsel, and the Representative Plaintiffs' service awards.

19. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Litigation.

20. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by any Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

21. Consistent with Paragraphs 9.1-9.4 of the Settlement Agreement, if the Effective Date does not occur for any reason, the following will occur: (a) the Final Approval Order and Judgment and all of its provisions, will be vacated, including, but not limited to the Attorneys' Fees and Expenses Award and the Representative Plaintiffs' Service Awards, and the Final Approval Order and Judgment will not waive, release or otherwise impact the Parties' rights or arguments in any respect; and (b) the Litigation will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the Litigation.

22. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over this Litigation and the Parties with respect to the interpretation, implementation, and enforcement of the Settlement Agreement for all purposes.

23. The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

**NOW, THEREFORE,** the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED:**

DATED: 11/21/22

HON. PHILIP S. GUTIERREZ
UNITED STATES DISTRICT COURT JUDGE